FILED
SUPERIOR COURT
OF GUAM

20?! JUN -2 PM 4: 26

CLERK OF COURT

BY: _____

**IN THE SUPERIOR COURT OF GUAM**

RACHEL LUKE ESEPWAK,

Plaintiff,

vs.

KANCHENER SILAS ESEPWAK,

Defendant.

Superior Court Case No. DM0152-21

**DECISION AND ORDER DENYING REQUEST FOR SERVICE BY PUBLICATION AND MAILING OF THE SUMMONS**

Plaintiff Rachel Luke Esepwak requests that the Court permit service of process by publication and mailing of the Summons. According to Rachel, Defendant Kanchener Silas Esepwak "cannot be found on Guam ... [and] to the best of [her] knowledge and belief, Defendant resides at 15300 NE 39th Street, Vancouver, Washington 98682." Pl.'s Decl. (Apr. 13, 2021). Rachel's Verified Complaint for Divorce seeks a divorce as well as a determination that she be awarded sole legal and primary physical custody of the parties' minor children. Compl. Div. (Apr. 13, 2021).

Guam Rule of Civil Procedure 4(e) provides the procedure by which service may be effectuated on an individual within Guam or other Jurisdictions in the United States. Rule 4(e) instructs: "service upon an individual ... may be effected ... in any other jurisdiction of the United States, its territories, commonwealths, and possessions: (1) ... as prescribed by the law of the place where the person is served; or (2) by delivering a copy of the summons and of the complaint to the individual personally .... " GRCP 4(e). When permitted by statute or Court order, Rule 4(o) allows for service through publication and mailing upon an individual is not an inhabitant of Guam or found within Guam.

ORIGINAL

Service by publication, however, is a method of last resort and typically utilized only after the plaintiff has exhausted all other avenues to discover the defendant's whereabouts and effectuate service pursuant to Guam Rule of Civil Procedure 4(e). 7 GCA § 14106, the controlling statute, instructs that publication and mailing are to be used only when, "after due diligence" it is apparent that the party to be served "has departed Guam" or "conceals himself to avoid service of the summons ..." It is clear from this language that other methods of service are preferred to service by publication and mailing, and a party must exercise "due diligence" prior to seeking an order permitting service under this statute. *See Goetz v. Synthesys Technologies, Inc.*, 415 F.3d 481, 485-86 (5th Cir. 2005) ("Nail and mail" substituted service, i.e., service through posting and mailing, as authorized under state statute, was improper for lack of due diligence when the plaintiff failed to make even a single attempt at giving personal to the defendant); *Burchett v. City of Newport Beach*, 33 Cal.App.4th 1472, 1477 (Cal. App. 4 Dist. 1995) (failure to effect or even attempt personal service prior to attempting substituted service was improper, and deprived the court of personal jurisdiction over defendants).

Here, Rachel's only reference to due diligence is her due diligence in determining that the Kanchener is not in Guam and that his last known address is in Washington State. *See* Pl.'s Decl.; Mot for Order of Pub. and Mailing (Apr. 13, 2021). Rachel makes no reference to any attempts to satisfy the due diligence requirement to actually effectuate personal service on Kanchener. *Id.* Her filed documents make no mention of any attempt at personal service at the Kanchener's last known address, nor has Rachel shown that such service is impracticable and unavailable. *See Goetz*, 415 F.3d at 485 ("due diligence is absent where the plaintiffs have failed to make any attempts to perform service at known addresses."); *see also Trackman v. Kenney*, 187 Cal.App.4th 175, 185 (Cal. App. 3 Dist. 2010) ("Ordinarily, ... two or three attempts at

ORIGINAL

personal service at a proper place should fully satisfy the requirement of reasonable diligence and allow substituted service to be made.").

The Court finds that the Plaintiff has not pleaded facts sufficient to grant a motion for service by publication and mailing, on grounds that the required due diligence to attempt to actually effectuate personal service is not stated to have ever occurred. Accordingly, the Court is required to DENY any request by the Plaintiff for an order permitting service under 7 GCA § 14106 and Rule 4(o), made prior to any attempt at personal service.

Therefore the Motion for Order of Publication and Mailing of the Summons is DENIED.

SO ORDERED this 2nd day of June 2021.


_____
HON. ELYZE M. IRIARTE
Judge, Superior Court of Guam


Appearing Attorney:  Barbara Cepdea, Micronesia Legal Services Corporation, for Plaintiff Rachel L. Esepwak

ORIGINAL